IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00401-MSK-KLM

KATHERINE GILES, and
ZURICH AMERICAN INSURANCE COMPANY,

    Plaintiff(s),

v.

THE INFLATABLE STORE, INC.,

    Defendant.

_____

**ORDER GRANTING MOTION TO JOIN DESIGNATION OF NONPARTY**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant, The Inflatable Store, Inc.'s Motion to Join/Adopt Co-Defendants' Non-Party Designations [Docket No. 68; Filed July 11, 2008] (the "Motion"). Plaintiffs filed a response in opposition to the Motion on July 31, 2008 [Docket No. 80], and Defendant filed a reply on August 14, 2008 [Docket No. 85]. The Motion has now been fully briefed and is ripe for resolution.

    By way of giving context to the Motion, the Court notes that non-party Ernst & Young LLP was timely designated as a nonparty at fault by former Defendants Gravity Play Entertainment, Cheyenne Mountain Resort, LLC, Benchmark Hospitality, Inc., and BMC–The Benchmark Management Company [Docket No. 18]. Those former Defendants have since settled Plaintiffs' case against them and are no longer parties to this action [Docket No. 83]. Defendant The Inflatable Store, Inc. moves to join in the now-dismissed Defendants' earlier designation of Ernst & Young "in an abundance of caution." *Reply* [#68] at 1-2. Plaintiffs responded that the request to join the designation is untimely, is not

supported by good cause, and does not comply with the requirements of Colo. Rev. Stat. § 13-21-111.5. *Response* [#80] at 2-4.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. One of the purposes behind requiring non-party designation, including imposing a time limit and specifying the terms of notice, is to provide Plaintiffs with notice of the non-party's potential liability as well as the non-party's contact information, to ensure Plaintiffs will be able to assess the non-party's involvement and make case decisions accordingly. Designation of Ernst & Young by any defendant provided such notice to Plaintiffs. *See generally Baca v. Clark*, No. 06-cv-00714-EWN-PAC, 2007 WL 1964079, at *4 (D. Colo. July 2, 2007) (unpublished decision) (noting that a notice that complies with the spirit of Colo. Rev. Stat. § 13-21-111.5(3) is sufficient to minimize any prejudice that the designation may cause to plaintiff). "The designation [also] ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pledge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. Ct. App. 2002). This rationale applies regardless of which party made the designation.

The cases cited by Plaintiffs in opposition to the Motion are distinguishable in that they involved untimely attempts to designate a nonparty at fault who had not successfully been previously designated as such. *See, e.g.*, *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75 (Colo. 2001); *Chavez v. Parkview Episcopal Med. Ctr.*, 32 P.3d 609 (Colo. Ct. App. 2001). This is simply not a case where Plaintiffs were blind-sided late in the litigation about the alleged fault of a non-party to which the fact finder could attribute liability. Given that Plaintiffs do not take issue with the earlier designation or the notice that they were provided thereto, I find that their present opposition has no merit. Further, Plaintiffs have

not identified any prejudice they would suffer if the Court recognized that the earlier designation applied as to all Defendants. Moreover, while it would be permissible to deny the Motion if applying the designation to Defendant The Inflatable Store, Inc. would impose a burden on the efficient progress of litigation, there has been no showing of such a burden here. *See Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 (D. Colo. 1989).

Finally, the Court finds support for its conclusion under a fair reading of Colo. Rev. Stat. § 13-21-111.5(3). While not specifically addressing this issue, section 13-21-111.5(3)(a) sets forth that "the finder of fact in a civil action may consider the degree or percentage of negligence or fault of a person not a party to the action, based upon evidence thereof, which shall be admissible, in determining the degree or percentage of negligence or fault of those persons who are parties to such action." Nothing in this language or the remainder of the statute suggests that the Court or a jury should consider the fault of a non-party only as to certain defendants. I agree that the designation of Ernst & Young served to notify Plaintiffs of the non-party's potential fault as to the entire case. Accordingly, I grant the Motion.

Dated: August 21, 2008

BY THE COURT:

 s/ Kristen L. Mix  
U.S. Magistrate Judge  
Kristen L. Mix

3