IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00401-PAB-KLM

KATHERINE GILES and
ZURICH AMERICAN INSURANCE COMPANY,

    Plaintiffs,

v.

THE INFLATABLE STORE, INC.,

    Defendant.

_____

**ORDER**
_____

Plaintiffs Katherine Giles and Zurich American Insurance Company filed this action seeking damages for personal injuries Ms. Giles allegedly sustained as a result of an accident during a mock sumo wrestling contest. The matter before the Court is defendant The Inflatable Store, Inc.'s ("TIS") Motion for Summary Judgment on the Sixth Claim for Relief [Docket No. 49]. The Court's jurisdiction is premised upon diversity of citizenship with an amount in controversy in excess of the statutory minimum under 28 U.S.C. § 1332. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

**I. BACKGROUND**

On September 7, 2005, while attending a corporate conference in Colorado Springs, Ms. Giles participated in a mock sumo wrestling contest that, according to plaintiffs, "involved two participants facing each other and attempting to push the

opposing participant out of the circle and/or onto the surface of the floor." Am. Compl. [Docket No. 5] ¶ 16. During this contest, Ms. Giles claims that she was pushed, fell backwards, and struck her head on the floor, which allegedly knocked her unconscious and resulted in severe brain injuries. *Id.* ¶¶ 20-23. TIS manufactured and sold the sumo wrestling equipment that Ms. Giles was using at the time she was injured. *See* Mot. for Sum. J. [Docket No. 49] ("Def.'s Br.") at 1.

Plaintiffs' amended complaint asserts several causes of action, including a claim for violation of the Colorado Consumer Protection Act (the "Act") against TIS. *See* Am. Compl. ¶¶ 55-62. Specifically, plaintiffs allege that TIS's representations that its sumo equipment was the "best built, and safest" constituted a deceptive trade practice under the Act. *See id.* TIS does not dispute that it made this statement. *See, e.g.*, Def.'s Br. at 1. What is in dispute is whether the representations run afoul of the Act.

In order to prove a claim under the Act, plaintiffs must show that: (1) TIS engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of TIS's business, vocation, or occupation; (3) the challenged practice significantly impacts the public as actual or potential consumers of TIS's goods, services, or property; (4) plaintiffs suffered injury in fact to a legally protected interest; and (5) the challenged practice caused Ms. Giles' injury. *See, e.g., Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003) (citing *Hall*

*v. Walter*, 969 P.2d 224, 235 (Colo. 1998)).[1]  TIS's summary judgment motion focuses only on the first element – whether its representations constituted an unfair or deceptive trade practice.  *See* Def.'s Br. at 3.

Plaintiffs specifically allege that TIS's "best built" and "safest" representations qualify as an unfair or deceptive trade practice under C.R.S. § 6-1-105(1)(g).  *See* Am. Compl. ¶ 57.  That section provides:

> A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person: . . . [r]epresents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another[.]

By its plain language, this provision requires proof both that (1) TIS represented that its sumo equipment was of a particular standard, quality, or grade, and (2) it knew or should have known that its equipment was of another standard, quality, or grade.  TIS contends that plaintiffs cannot prove either prong.  *See* Def.'s Br. at 3-4.

## II. ANALYSIS

### A. Legal Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty*

---

[1] As plaintiffs note, there appears to be a discrepancy between cases such as *Rhino Linings* and the Colorado Jury Instructions in the articulation of the fourth element of a Colorado Consumer Protection Act claim.  *See* Resp. to Mot. for Sum. J. [Docket No. 55] ("Pls.' Resp.") at 2.  However, as the present motion is concerned only with the first element of the claim, I need not address this issue.

*Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* at 839-40.

**B. Application**

TIS argues both that its "best built" and "safest" representations are the sort of sales talk, or "puffery," that are not actionable under the Act, and that, in any event, there is no triable issue as to whether it knew or should have known that the equipment was not the "best built" and "safest."[2] *See* Def.'s Br. at 3-4. I find that the statement "best built" is an unquantifiable statement of opinion and therefore insufficient to support a claim. However, I find that there are genuine disputes over whether the statement "safest" is an actionable representation and, if so, whether TIS knew or should have known that its sumo equipment was not the "safest."

---

[2] TIS articulates this second issue as whether it knew or should have known that its equipment "was dangerous or hazardous." Def.'s Br. at 4. However, the issue under C.R.S. § 6-1-105(1)(g) is, more precisely, whether TIS knew or should have known that its equipment was of another quality than that represented. That is, plaintiffs need not prove that TIS knew or should have known its equipment *was* "dangerous or hazardous," but only that it knew or should have known that its equipment *was not* the "best built, and safest."

4

### *1. Puffery*

In *Park Rise Homeowners Association v. Resource Construction Co.*, 155 P.3d 427 (Colo. App. 2006), the Colorado Court of Appeals considered whether a builder's statement that its homes were "quality construction" was a deceptive trade practice and, in doing so, outlined the role of the puffery doctrine in analyzing claims under the Act. *Id.* at 435. As a threshold matter, the court noted that the Act does not "make actionable a statement that would otherwise be mere puffery." *Id.* In other words, if a defendant can show that the allegedly improper representation was simply puffery, it can defeat a claim that the statement violated the Act.

While recognizing that there is no "bright line test to distinguish puffery from a deceptive trade practice," the *Park Rise* Court explained the basic distinction between the two: general statements of opinion typically constitute protected puffery, while specific representations of fact can form the basis of a deceptive trade practice claim. *Id.*[3]; *see also Warner v. Ford Motor Co.*, No. 06-cv-02443-JLK-MEH, 2008 WL 4452338, *8-*9 (D. Colo. Sept. 30, 2008) (finding statements to be puffery and not actionable where the statements were "extremely general, not directed at any specific

---

[3] Specifically, the court described the doctrine as follows:

"Mere statements of opinion such as puffing or praise of goods by seller is no warranty." *Elliott v. Parr*, 100 Colo. 204, 208 (1937). But while sellers "have the right to exalt the value or quality of their own property to the highest point credulity will bear," any "statements of value or of quality may be made with the purpose of having them accepted as of fact," and if so should be treated as "representations of fact." *Groves v. Chase*, 60 Colo. 155, 162 (1915). *See generally* Black's Law Dictionary 1247 (8th ed.2004) (defining "puffing" as the "expression of an exaggerated opinion – as opposed to factual representations – with the intent to sell a good or service").

155 P.3d at 435.

attribute of [defendant's product] and are not representations of fact subject to measure"). The court also recognized that the context in which a statement is made is important to the inquiry. *Park Rise*, 155 P.3d at 436 (finding that, in the context of home sales, "quality construction" is the kind of "sales talk" that people have come to expect from dealers); *cf. Alpine Bank v. Hubbell*, 555 F.3d 1097, 1106 (10th Cir. 2009) ("In determining whether a statement is puffery, the context matters."). Applying this framework, the court found that the "quality construction" representation was puffery, as it was a "statement of opinion, the meaning of which would depend on the speaker's frame of reference . . . . It is not a specific representation of fact subject to measure or calibration." *Park Rise*, 155 P.3d at 436.

Citing to *Park Rise*, TIS argues that the representation that its equipment was "best built" is a statement of exaggerated opinion, based on its former owner's comparison of the equipment to its competitors', and therefore constitutes puffery. *See* Def.'s Br. at 3-4. Similarly, TIS claims that the representation that its equipment was "safest" is also mere puffery, based on its former owner's experience having "very few incidents" with the product. *See id.* In response, plaintiffs contend that the statements could at least be reasonably construed as statements of fact, rather than "puffed" opinion, and thus the issue should go to the jury. *See* Pls.' Resp. at 8-9 (citing CJI-Civ. 19:15, Source and Authority (2008) ("Where a statement can reasonably be construed as an opinion or a representation of fact, it is for the jury to decide which it is.")).[4]

---

[4] This jury instruction appears in the chapter on fraud, rather than the chapter on Consumer Protection Act claims. *See* CJI-Civ. Ch. 19: Deceit Based on Fraud (2008). The parties do not address whether this principle does or should apply in the Consumer Protection Act context. However, looking to fraud principles makes sense given that the Act is, at bottom,

Like the phrase "quality construction," the phrase "best built" – at least in the present context – constitutes puffery as a matter of law. It is not capable of specific measure or calibration. Were another company to argue its equipment was "best built," one would be hard pressed to objectively determine which claim was correct. For example, one company's sumo suit might be better built in terms of padding and comfort, while the other's might be better built in terms of long-term wear-and-tear. Both suits could, arguably, claim the title "best built." There is no objective way to measure the claim; any determination would "depend on the speaker's frame of reference." *Park Rise*, 155 P.3d at 436; *cf. Royal Bus. Machs., Inc. v. Lorraine Corp.*, 633 F.2d 34, 42 (7th Cir. 1980) ("General statements to the effect that goods are 'the best' . . . are generally regarded as expressions of the seller's opinion or 'the puffing of his wares' . . . .") (additional citations omitted).[5] For these reasons, TIS's representation that its sumo equipment was the "best built" cannot form the basis of a Colorado Consumer Protection Act claim.

---

an anti-fraud statute. *See*, *e.g.*, *Crowe v. Tull*, 126 P.3d 196, 202 (Colo. 2006) ("The CCPA was enacted to provide 'prompt, economical, and readily available remedies against consumer fraud.'" (quoting *Western Food Plan v. Dist. Court*, 598 P.2d 1038, 1041 (1979))). Moreover, in grafting the puffery doctrine onto the Consumer Protection Act, the *Park Rise* Court cited to a warranty case – *Elliott v. Parr,* 66 P.2d 819 (Colo. 1937). *See* 155 P.3d at 435. In Colorado, as a general rule, "[w]hether a particular statement constitutes an express warranty is generally a question of fact." *Erickson v. Oberlohr*, 749 P.2d 996, 998 (Colo. App. 1987) (citing *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187 (Colo. 1984)). Other courts have expressly recognized that whether a statement creates a warranty or is mere seller puffery is usually an issue for the jury. *See*, *e.g.*, *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 620 (M.D.N.C. 2006); *Felley v. Singleton*, 705 N.E.2d 930, 935 (Ill. App. 1999). Thus, I find that, if a statement allegedly constituting a deceptive trade practice can reasonably be construed as both fact and opinion, whether it is non-actionable puffery is properly a question of fact for the jury.

[5] This is not to say that a phrase modified by "best" could never constitute a deceptive trade practice. For example, a representation that a car gets the "best highway fuel economy in its class" might well be a specific enough statement of fact to support a claim under the Act.

On the other hand, the word "safest" could be reasonably construed as a measurable statement of fact. A reasonable jury could determine that the word "safest" has a specific, quantifiable meaning: the sumo equipment is the most likely (among all competing products) to keep participants from harm. *See* Merriam-Webster's Collegiate Dictionary 1095 (11th ed. 2007) (defining "safe" as "free from harm or risk"). Such a claim is subject to calibration; if two percent of all contests using TIS's suits resulted in injury, while five percent of all contests using competitors' suits resulted in injury, it would be reasonable to call TIS's suits the "safest." Moreover, as noted above, context matters. It would be reasonable to assume that, in the context of a game involving participants attempting to knock each other to the floor, an equipment seller's representation that its suit was the "safest" was a "'statement[ ] of value or of quality . . . made with the purpose of having [it] accepted as of fact.'" *Park Rise*, 155 P.3d at 435 (quoting *Groves v. Chase*, 151 P. 913, 915 (Colo. 1915)). In short, the representation that the sumo equipment was the "safest" is not so obviously puffery that I can say, as a matter of law, that it is not actionable.

## 2. *Knowledge That Product Was Not As Represented*

Having determined that TIS's representation that its equipment was "safest" may be the type of measurable statement sufficient to support a claim, I next consider whether there is a triable issue of fact as to whether TIS knew or should have known that its equipment was not the "safest." TIS argues that it had no such actual or constructive knowledge, citing deposition testimony of its former owner and its general manager to the effect that, despite their long involvement in the inflatables industry,

they were aware of very few injuries involving sumo equipment. See Def.'s Br. at 5-6. Plaintiffs respond by pointing to two categories of deposition testimony: (1) testimony from TIS's former owner and its general manager that its sumo suits were essentially identical to those of its competitors and (2) testimony from a purchaser of TIS's products that its helmets were "more easily damaged" than another manufacturer's equipment. See Pls.' Resp. at 4-7. This testimony, plaintiffs claim, shows that TIS knew or should have known that its equipment "was average and nothing special," was "basically the same as its competitors," and "was less durable and more inclined to deteriorate than the equipment made by another manufacturer." See id. at 9.

This deposition testimony creates a genuine issue as to whether TIS knew or should have known that its equipment was not as represented. Specifically, a reasonable jury could find that testimony by TIS's senior management that its equipment was no different than its competitors' equipment demonstrates knowledge that TIS's equipment was not, in fact, the "safest" on the market. Further, a reasonable jury could find that, if a purchaser of the product could notice damage and deterioration as compared to a competitor's product, then TIS should have noticed the same. Cf. Bach v. Hyatt Corp., No. 08-cv-00842-REB-KMT, 2009 WL 347478, *2 (D. Colo. Feb. 11, 2009) ("Constructive knowledge is that kind of knowledge a person exercising reasonable diligence should have had."). This conclusion, in turn, could lead a reasonable jury to find that TIS should have known that its product was more easily damaged, less durable, and therefore less safe than other products on the market. As there is a triable issue as to whether TIS knew or should have known that its equipment

9

was not as represented, summary judgment concerning TIS's "safest" claim is improper.

## III. CONCLUSION

TIS's representation that its sumo equipment was the "best built" is a general statement of opinion, not subject to precise measurement, and for that reason is non-actionable puffery. Thus, summary judgment in favor of TIS is appropriate on plaintiffs' claim that TIS's "best built" representation violated the Colorado Consumer Protection Act.

However, TIS's representation that its equipment was the "safest" is, arguably, subject to measure, and therefore could constitute a deceptive trade practice under the Act. Further, there is evidence sufficient to create a genuine dispute over whether TIS knew or should have known that its equipment was not, in fact, the "safest." Summary judgment on that claim must be denied.

Therefore, it is

**ORDERED** that The Inflatable Store's Motion for Summary Judgment on the Sixth Claim for Relief [Docket No. 49] is GRANTED in part and DENIED in part, as set forth in this Order. It is further

**ORDERED** that The Inflatable Store's purported motion to strike Exhibits 7, 8, 11, and 12 to plaintiff's response brief is DENIED. The motion is made in The Inflatable Store's reply brief. *See* Def.'s Reply at 2. Rule 7.1(C) of the Local Rules of Practice of the United States District Court for the District of Colorado provides that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be

made in a separate paper." Thus, TIS's motion is procedurally deficient. However, as I do not rely on these exhibits for disposition of the present motion, the request is moot in any event.

DATED April 6, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge